UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEAN BRYAN DAVIDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 4:23-CV-00325-NCC |
| | ) |
| FERRING PHARMACEUTICALS, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the Court on self-represented plaintiff Dean Bryan Davidson's application to proceed in the district court without prepayment of fees and costs. The Court has reviewed the application and the financial information in support, and will grant the motion. Additionally, for the reasons discussed below, the Court will direct plaintiff to show cause why this action should not be dismissed (1) for lack of subject matter jurisdiction, and (2) as time barred. *See* Fed. R. Civ. P. 12(h)(3).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of fees and costs if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether

a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented plaintiff's complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

## The Complaint

Plaintiff is a resident of the Southeast Mental Health Center (SMHC) in Farmington, Missouri. He filed this suit against defendant Ferring Pharmaceuticals, Inc., alleging the company manufactured and sold Desmopressin, an antidiuretic hormone that has side effects of lowering a patient's sodium levels.[1] Plaintiff states Dr. D. Sternberg from Fulton State Hospital prescribed the medication to him in 2007. He states it was then prescribed by doctors at SMHC for six years. Plaintiff states he had seizures and brain trauma on July 16, 2007 and lowered sodium levels from August 29, 2012 through June 18, 2018.

As for his injuries, plaintiff states he suffered pain, anguish, disability, loss of good time, loss of good health, and future medical expenses. He states, "I lost a lifetime of 20 years disability of years that I can't hold a job, and future medical expenses." He seeks $3 million in damages.

---

[1] According to https://www.drugs.com/mtm/desmopressin.html, Desmopressin is an antidiuretic hormone used to treat many issues such as nighttime bed-wetting, central diabetes insipidus, and increased thirst and urination caused by head surgery or head trauma. Side effects include low sodium levels, signs of which are headache, confusion, muscle cramps, severe weakness, vomiting, loss of coordination, and feeling restless or unsteady. *Id.* (last visited Jun. 20, 2023).

**Discussion**

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006); *Continental Cablevision of St. Paul, Inc. v. U.S. Postal Serv.*, 945 F.2d 1434, 1438 (8th Cir. 1991) ("A district court must determine questions of subject matter jurisdiction before determining the merits of the case."). The Court has the duty to determine its jurisdiction, and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Although pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney, they must still allege sufficient facts to establish that federal jurisdiction exists. *See Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); *City of University City, Mo. v. AT&T Wireless Servs., Inc.*, 229 F. Supp. 2d 927, 929 (E.D. Mo. 2002) (citing *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993)).

*Subject Matter Jurisdiction*

Liberally construed, plaintiff might be stating claims for implied warranty, fraudulent representation, negligence, or strict product liability, all of which derive from Missouri state law. Because the complaint alleges no basis for federal question jurisdiction, if jurisdiction exists at all it must be premised on diversity of citizenship. As noted above, plaintiff alleges an amount in controversy in excess of $3,000,000.00, an amount that far exceeds the $75,000.00 required by 28 U.S.C. § 1332(a). However, the facts alleged in the complaint do not appear to provide an adequate foundation for plaintiff's belief that his damages are properly measured at such an amount, or are even sufficient to meet the amount in controversy requirement. The amount in controversy is to be ascertained from the complaint itself. *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961).

Plaintiff states his damages as follows: "[R]estitution of $3,000,000.00 for all of my pain/suffering, anguish, disability, loss of good time, good health and future medical expenses." As noted above, plaintiff's allegations are based on his allegedly low sodium levels caused by the medication Desmopressin from 2007 until 2013.[2] He has not stated any facts that would support a claim for $3 million in damages. He states in a conclusory fashion that his health has deteriorated, but does not identify how his health has deteriorated because of his low sodium. He mentions "brain trauma, back/neck injuries, high blood pressure," but does not state when these injuries occurred or provide any causal link to his use of Desmopressin. He alleges a disability, but does not identify the disability.

Furthermore, based on his complaint, plaintiff has been a resident of either Fulton State Hospital or SHMC since 2007. Both facilities house individuals who have been declared incompetent to stand trial. As to plaintiff's "loss of good time" and "loss of good health," he has not stated a monetary value for these damages, and the Court is unclear how he would measure their value. As for future medical expenses, plaintiff's complaint is silent. It is unclear what, if any, treatment he is now undergoing for his low sodium levels and what treatment he will need in the future.

These deficiencies lead the Court to question whether the amount alleged is legitimate and, consequently, whether this suit involves a dispute or controversy properly within its jurisdiction. "When a federal complaint alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the

---

[2] The complaint is unclear as to how long plaintiff was prescribed Desmopressin. He states Dr. Sternberg from Fulton State Hospital prescribed it in 2007. "And it was prescribed by doctors here [SMHC] for six years." For purposes of this Order, the Court will presume plaintiff took the medication from 2007 to 2013.

evidence." *State of Mo. ex rel. Pemiscot County, Mo. v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). The Court will order plaintiff to show cause why this suit should not be dismissed for lack of subject matter jurisdiction. *See Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008) ("[a] complaint will be dismissed for lack of subject matter jurisdiction if it appears to a legal certainty that the value of the claim is less than the required amount of $75,000").

*Statute of Limitations*

In addition to questions regarding subject matter jurisdiction, the Court also questions whether plaintiff's claims are barred by the statute of limitations. With respect to when his injuries occurred, he states that he was first prescribed Desmopressin by Dr. Sternberg at Fulton State Hospital in 2007. He states that it was prescribed for six years at SMHC. When asked specifically when he was injured, he states, "seizures and brain trauma on 7/16/2007. And critically lowered my sodium from 8/29/12 thr[ough] 6/18/18."

"A federal court implementing its diversity jurisdiction applies the law of the forum state when ruling on issues concerning statutes of limitations." *Buttice v. G.D. Searle & Co.*, 938 F. Supp. 561, 566 (E.D. Mo. 1996). Liberally construed, plaintiff might be stating claims for implied warranty, fraudulent representation, negligence, or strict product liability. The statute of limitations on these actions in Missouri is five years. *See* Mo. Rev. Stat. § 516.120. In Missouri, the statute of limitations for personal injury actions begins when the damage is capable of becoming known. *See Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576, 580 (Mo. 2006). Plaintiff alleges Dr. Sternberg prescribed Desmopressin in 2007. Therefore, the statute of limitations would have run on his claims in 2012.

While the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of

limitations has expired. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). The Court will order plaintiff to show cause why the instant action should not be dismissed as time barred.

### Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** plaintiff's motion to proceed in the district court without prepayment of fees and costs is **GRANTED**. The Court will waive the filing fee. [ECF No. 2].

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 3].

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and no later than **twenty-one (21) days** from the date of this Order, why the instant case should not be dismissed (1) for lack of subject matter jurisdiction, and (2) as time barred.

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, his case will be dismissed without further proceedings and without further notice to plaintiff.

Dated this 23rd day of June, 2023.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE