**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DEAN BRYAN DAVIDSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FERRING PHARMACEUTICALS INC., )<br>)<br>Defendant. | No. 4:23-cv-00325-NCC |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on initial review of self-represented plaintiff Dean Bryan Davidson's complaint. For the following reasons, on initial review under 28 U.S.C. § 1915(e)(2)(B), plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed without prepayment of fees and costs, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above

the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

**Background**

Plaintiff is very familiar to the Court. He has filed multiple prior cases in this Court arising out of the seizure he suffered at Fulton State Hospital on June 16, 2007: *Davidson v. Fulton State Hospital*, No. 4:18-cv-247-RLW (E.D. Mo. Jun. 8, 2018) (ruling § 1915(e) dismissal of prior complaint has res judicata effect and dismissing case as frivolous for § 1915(e) purposes); *Davidson v. Sternberg*, No. 4:19-cv-2148-RWS (E.D. Mo. filed Jan. 24, 2020) (dismissing § 1983 action as time barred and for failure to state a claim upon which relief may be granted); *Davidson v. Stringer*, No. 4:20-cv-1478-DDN (E.D. Mo. filed Jan. 11, 2021) (dismissing claims under 28 U.S.C. § 1915(e)(2)(B)).[1]

Plaintiff has also filed multiple cases in the District Court for the Western District of Missouri arising out of these same facts: *Davidson v. Fulton State Hosp., et al.*, 4:10-cv-711-FJG (W.D. Mo. filed Nov. 18, 2010) (dismissed under § 1915A(b)(1) for failure to state a claim upon which relief may be granted); *Davidson v. Fulton State Hosp., et al.*, 2:10-cv-4262-SOW (W.D. Mo. filed Jan. 21, 2011) (dismissed under Fed. R. Civ. P. 41 for failure to comply with court order); *Davidson v. Fulton State Hosp., et al.*, 2:17-cv-4018-FJG (W.D. Mo. filed Feb. 7, 2017)

---

[1] In addition, plaintiff filed the following three cases arising out of alleged tampering with his legal mail: *Davidson v. Southeast Mental Health Center*, No. 4:17-cv-2076-RLW (E.D. Mo. filed Aug. 17, 2017); *Davidson v. Southeast Mental Health Center*, No. 4:17-cv-2078-ACL (E.D. Mo. filed Jul. 31, 2017); *Davidson v. Fulton State Hospital*, No. 4:18-cv-103-RLW (E.D. Mo. filed Jan. 29, 2018). These cases were dismissed on initial review under § 1915(e). Finally, plaintiff's claims in *Davidson v. Walker*, No. 2:17-cv-4147-FJG (W.D. Mo. filed Aug. 23, 2017), were dismissed as legally frivolous.

(summarily dismissed for failure to state a claim); *Davidson v. Fulton State Hosp., et al.*, 2:17-cv-4019-FJG (W.D. Mo. filed Feb. 7, 2017) (dismissing case because plaintiff sought habeas relief not cognizable under § 1983); *Davidson v. Fulton State Hosp., et al.*, 2:19-cv-4105-BCW (W.D. Mo. filed Jul. 2, 2019) (dismissing case under Fed. R. Civ. P. 41 for failure to comply with court order); *Davidson v. Stringer*, No. 2:19-cv-4148-BCW (W.D. Mo. filed Nov. 13, 2019) (dismissing medical malpractice claims and § 1983 claims as untimely under § 28 U.S.C. § 1915(e)); *Davidson v. Ferring Pharmaceuticals., et al.*, 2:21-cv-4156-BCW (W.D. Mo. filed Aug. 26, 2021) (dismissing § 1983 claims against Ferring Pharmaceuticals for failure to state a claim upon which relief may be granted and, in dicta, as barred by the statute of limitations) ("*Davidson 1*"); and *Davidson v. Ferring Pharmaceuticals*, No. 2:21-cv-4205-BCW (W.D. Mo. Oct. 13, 2022) (liberally construing complaint as a products liability action against Ferring Pharmaceuticals and dismissing it as time barred and for failure to state a plausible claim) ("*Davidson 2*").

## The Complaint

The facts underlying this case are nearly identical to plaintiff's prior suits arising out of his seizure on June 16, 2007. Plaintiff alleges Dr. Sternberg prescribed him desmopressin, which lowered his sodium levels causing him to have the seizure. Plaintiff was transported to a trauma center where he remained in a coma for several days and, when he awoke, he had amnesia and could not walk. Dr. Sternberg discontinued desmopressin, but did not report to the hospital that plaintiff had been taking this medicine. Therefore, plaintiff was prescribed desmopressin again but in tablet form instead of the intranasal formulation. He was taken off desmopressin on June 18, 2018. *See* ECF No. 11.

Plaintiff seeks monetary damages against Ferring Pharmaceuticals for his pain and suffering, disability, and future medical expenses.

**Discussion**

Plaintiff's claims arise out of the same nucleus of operative facts and are against the same defendant as those dismissed on initial review in *Davidson 1* and *Davidson 2*. All three cases seek compensation from Ferring Pharmaceuticals, the manufacturer of desmopressin.

Plaintiff brought *Davidson 1* against Ferring Pharmaceutical alleging the company violated plaintiff's constitutional rights under 42 U.S.C. § 1983. *Davidson v. Ferring Pharmaceuticals*, No. 2:21-cv-4156 (W.D. Mo. filed Aug. 12, 2021). On initial review, the Court dismissed *Davidson 1* for failure to state a claim upon which relief may be granted because plaintiff could not maintain a § 1983 action against a private party. *Id.*, ECF No. 5 at 4 ("Plaintiff has failed to state a claim upon which relief may be granted as to Defendant Ferring Pharmaceuticals."). Ferring Pharmaceuticals was not a state actor and there were no allegations that it engaged in unconstitutional practices. *Id.*

After the dismissal of *Davidson 1*, plaintiff brought *Davidson 2* against Ferring Pharmaceutical, this time alleging the company was liable to plaintiff under the state law theory of products liability. *Davidson 2*, No. 2:21-cv-4205-BCW, ECF No. 18. Just as in the present case, in *Davidson 2*, plaintiff alleged Ferring Pharmaceutical manufactured and sold desmopressin, the side effects of which caused his seizure and lowered his sodium levels. On initial review, the Court interpreted the complaint as a state law products liability action and dismissed it as time barred. The Court also determined that even if the case were timely, plaintiff had not alleged a plausible claim for products liability against Ferring Pharmaceuticals. *Id.* at ECF No. 18. The Court dismissed the complaint for failure to state a claim upon which relief may be granted under § 1915(e)(2)(B).

While the dismissals of *Davidson 1* and *2* "do[] not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," a § 1915(e)(2)(B) dismissal "has res judicata effect on frivolousness determinations for future in forma pauperis petitions." *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (interpreting former § 1915(d) which became § 1915(e) under to the Prisoner Litigation Reform Act of 1996) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future in forma pauperis petitions); *see, e.g.*, *Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468-70 (7th Cir. 2017) (discussing whether a dismissal under § 1915(e)(2)(B) has same effect as dismissal under Rule 12(b)(6)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-06 (2d Cir. 2002) (giving res judicata effect to a prior suit which had been dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Gleash v. Yuswak,* 308 F.3d 758, 760-61 (7th Cir. 2002) (discussing claim preclusion under § 1915(2)(2)(B)); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 583-84 (3d Cir. 2006) (per curiam) ("A dismissal under the in forma pauperis statute also qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future in forma pauperis actions raising the same claim."); *Banks v. Hayward*, No. CIV.A. 06-1572, 2007 WL 120045, at *4-5 (W.D. Pa. Jan. 10, 2007); *but see Hughes v. Lott*, 350 F.3d 1157, 1161-62 (11th Cir. 2003).

Plaintiff's claims in *Davidson 1* and *2* arose out of the same nucleus of operative facts as those claims plaintiff attempts to litigate here. Plaintiff could have made all of the same allegations and claims he makes in this lawsuit in his prior lawsuits against Ferring Pharmaceuticals. The Court determines the § 1915(e)(2)(B) dismissals of *Davidson 1* and *2* for failure to state a claim upon which relief may be granted have res judicata effect. Therefore, for this third complaint

against Ferring Pharmaceuticals plaintiff cannot state a claim upon which relief may be granted for § 1915(e)(2)(B) purposes. The Court will dismiss the complaint under § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's case is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's letter to the Court dated July 12, 2023, which the Court construes as a motion for additional time to respond to show cause order is **DENIED as moot**. [ECF No. 11]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 10th day of August, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE